# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JOHN R. FONTENOT, JR.** | **CIVIL ACTION NO. 08-CV-0764** |
| **VS.** | **JUDGE MELANÇON** |
| **COMMISSIONER OF SOCIAL SECURITY** | **MAGISTRATE JUDGE METHVIN** |

*RULING DENYING MOTION FOR APPOINTMENT OF COUNSEL*
*(Rec. Doc. 3)*

On May 30, 2008, *pro se* plaintiff filed this social security appeal. On the same date, Fontenot filed a motion for appointment of counsel under 28 U.S.C. §1915.[1]

In <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir.1982), the Fifth Circuit laid out four factors that a district court should consider in ruling on requests for appointed counsel under the in forma pauperis statute, 28 U.S.C. §1915:

(1) the type and complexity of the case;

(2) whether the indigent is capable of adequately presenting his case;

(3) whether the indigent is in a position to investigate adequately the case; and

(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

<u>Id.</u> at 213; see also <u>Gonzalez v. Carlin</u>, 907 F.2d 573, 579, 580 (5th Cir. 1990).

With the <u>Ulmer</u> factors in mind, the undersigned concludes that Fontenot has not shown that counsel should be appointed to represent him in this matter. First, Fontenot has not

---

[1] Red. Doc. 3. Claimant is proceeding *in forma pauperis*. Rec. Doc. 5.

demonstrated that the case is so complex or requires such specialized knowledge of the law that an appointment of counsel is warranted, nor has he demonstrated that he lacks the ability to petition the court for relief.  Furthermore, social security appeals are non-adversarial in nature, hence there is no great skill required in presenting the evidence.  There is also no danger of prejudice to Fontenot because of an inability to present an effective cross-examination of his opponent, as there are no such cross-examinations during the proceedings.  Moreover, the evidence to be presented in this case is medical evidence concerning Fontenot himself.  Therefore, Fontenot is in a position to "investigate" his claim as well as anyone.

Finally, the undersigned notes that courts considering motions for appointment of counsel require that claimants demonstrate that they have made reasonable efforts to secure representation on their own prior to seeking appointment of counsel.  See, e.g., Boubonis v. Chater, 957 F. Supp. 1071, 1073 (E.D. Wis.1997) (noting that claimant's application "would be more helpful in assisting the court in its proper exercise of discretion if he were to submit a sworn statement identifying *six attorneys* he has contacted," as well as the dates of such contact and the attorneys' responses) (emphasis added).  Fontenot states in his motion that he contacted only one attorney, but he did not hire him because he cannot afford it and there is "lot of case history."  He also advises that his friends and others are still looking for a lawyer for him.

The undersigned concludes that contacting one attorney does not constitute "reasonable effort" to secure representation on one's his own.  Considering the foregoing,

**IT IS ORDERED** that Fontenot's motion for appointment of counsel is **DENIED.**

Signed at Lafayette, Louisiana, on July 18, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)